IN THE UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

CASE NO.1:26-cv-01658, (D.D.C.)

UNITED STATES OF AMERICA

v.

HAMILTON P. FOX, III, et. al.

Defendants,

_____/

ERWIN ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION

Erwin Rosenberg is interested on practicing law in D.C.  Rosenberg was admitted to practice in Massachusetts, NY and Florida but received discipline prohibiting him from practicing law in those States and has an ongoing litigation in the SDNY addressing that.  Rosenberg believes that the Complaint should also include a claim for violation of the procedural Due Process Clause on the ground that the D.C. Board of Professional Responsibility has active lawyers acting in a quasi-judicial capacity judging

1



**RECEIVED**

JULY 2 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Respondents who are their competitors.  Such an argument would benefit the Plaintiff as well as Rosenberg.  Below is a Proposed Claim.

PROPOSED CLAIM BY ERWIN ROSENBERG AGAINST ALL DEFENDANTS FOR DECLARATORY JUDGMENT PURSUANT TO 42 U.S.C. § 1983  THAT PROHIBITING ROSENBERG FROM PRACTICING LAW IN D.C. VIOLATES THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

1,     Erwin Rosenberg ("Rosenberg") would like to practice law in D.C.

2.     Rosenberg was admitted (although is currently restricted) to practice law in Massachusetts, New York and Florida.

3.     Defendants oppose Rosenberg from practicing law in D.C. and presumably would debny any request by Rosenberg at least until Rosenberg prevails in judicially getting a decision that the disciplines against him were wrong and Rosenberg satisfies the D.C. Bar's application requirements.

3.     The fact that Rosenberg was once deemed qualified to practice law in a State means that he has a First Amendment right to practice law in any State because strict scrutiny protects professional speech.  See Chiles v. Salazar, No. 24–539.  (2026).

4.     The D.C. Board of Professional Responsibility has active lawyers who are potential competitors of Rosenberg and any other person who was admitted to practice in any State and therefore prohibited by the Procedural Diue Process Cluase from engaging in quasi-judicial or judicial actions against Rosenberg or any other persons who was admitted to practice in any State and wishes to practice law in D.C.. See Gibson v. Berryhill, 411 U.S. 564 (1973).

5.     If Rosenberg received a declaration from this Court that Defendants

2

are violating Procedural Due Process by opposing Rosenberg and any other person who was admitted to practice in any State from practicing law in D.C. then Rosenberg will ask Defendants for permission for Rosenberg to practice law in D.C. and others similarly situated, at least those represented by Plaintiff, may do the same.

6.     Wherefore Rosenberg requests an order declaring that Defendants are violating Procedural Due Process by opposing Rosenberg and those similarly situated from practicing law in D.C.

CERTIFICATE OF SERVICE

I hereby certify that I served this document on all parties via electronic filing by the clerk.  This document is being emailed on July 2, 2026 for filing via dcd_intake@dcd.uscourts.gov

.

Respectfully,

Erwin Rosenberg

1000 West Island Blvd. # 1011

Aventura, Florida 33160

Tel 786-299-2789

E-mail: erwinrosenberg@gmail.com

3