# Exhibit A

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY
HEARING COMMITTEE NUMBER TWELVE

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| JEFFREY B. CLARK, | : | |
| | : | |
| Respondent. | : | Board Docket No. 22-BD-039 |
| | : | Disciplinary Docket No. 2021-D193 |
| A Member of the Bar of the | : | |
| District of Columbia Court of Appeals | : | |
| (Bar Registration No. 455315) | : | |

## ORDER

Mr. Clark has filed a motion *in limine* to exclude testimony from any witness that is within the scope of the executive privilege, law enforcement privilege, deliberative process privilege, and/or attorney-client privilege claimed by former President Trump in a January 4, 2024 letter from his counsel Todd Blanche to Mr. Clark.  That letter instructs Mr. Clark to abide by and assert these privileges in the pending disciplinary proceedings, including those before this Hearing Committee.

Disciplinary Counsel argues that Mr. Clark does not have standing to assert a privilege on behalf of former President Trump, that the executive privilege and the deliberative process privilege cannot be asserted now to prevent the disclosure of information that has already been disclosed, and that former President Trump cannot assert either the law enforcement privilege or the attorney-client privilege.

I.      Standing

We agree with Disciplinary Counsel that Mr. Clark does not have standing to assert privileges on behalf of former President Trump.  *See Alexander v. F.B.I.*, 186 F.R.D. 12, 17 (D.D.C. 1998) ("A distinctive attribute of any privilege is that only the holder of the privilege has the ultimate power to assert the privilege.").  Lack of standing aside, we consider Mr. Clark's other arguments.

II.     Executive Privilege[1]

Disciplinary Counsel argues that former President Trump's executive privilege has been waived because he permitted Messrs. Rosen and Donoghue to testify before the Senate Judiciary Committee and the House January 6 Committee, and that testimony has been made public.  We agree that the executive privilege cannot be used now to prevent the disclosure in this proceeding of information that has already been made public.  *See, e.g.*, *Trump v. Thompson,* 20 F.4th 10, 26 (D.C. Cir. 2021) ("executive privilege also can be waived"), *application for stay denied* 142 S. Ct. 6480 (2022), *cert. denied* 142 S. Ct. 1350 (2022); *In re Sealed Case*, 121

---

[1] The term "Executive Privilege" refers to a cluster of privileges that can apply in various ways to the entire executive branch.  *See, e.g.*, *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (referring to "deliberative process privilege" as a "form of executive privilege").  But in more common parlance (and in the way it appears to be used in the Section III of Mr. Clark's Motion), it refers to "one form of the executive privilege" that "is invoked only rarely and that is the privilege to preserve the confidentiality of presidential communications."  *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997).  In this section, we use "Executive Privilege," in this narrower sense of presidential communications and address Mr. Clark's deliberative process argument separately.

F.3d 729, 740 (D.C. Cir. 1997) ("if we find that waiver [of executive privilege] has occurred, we need not proceed further").

Mr. Clark attaches to his motion an August 2, 2021 letter to him from former President Trump's then counsel, Douglas Collins, and stresses a portion of the letter in which Mr. Collins told Mr. Clark that former President Trump would not waive executive privilege.  *See* Motion in Limine at 9 & Ex. 4.  However, the letter also explained that former President Trump *declined* to prevent the testimony:

> Nonetheless, to avoid further distraction and without in any way otherwise waiving the executive privilege associated with the matters the Committees are purporting to investigate, President Trump will agree not to seek judicial intervention to prevent your testimony or the testimony of the five other former Department officials (Richard P. Donoghue, Patrick Hovakimian, Byung J. "Bjay" Pak, Bobby L. Christine, and Jeffrey B. Clark[2]) who have already received letters from the Department similar to the July 26, 2021 letter you received, so long as the Committees do not seek privileged information from any other Trump administration officials or advisors. If the Committees do seek such information, however, we will take all necessary and appropriate steps, on President Trump's behalf, to defend the Office of the Presidency.

If material is to be privileged, it needs to be treated as privileged.  Cf. *In re Sealed Case*, 121 F.3d at 741 (recognizing that while governmental assertions of privilege might be delayed, they do need to be asserted before information is forced to be disclosed).  We cannot accept the argument that former President Trump preserved a privilege as to testimony that he allowed to take place in a public

---

[2] It appears from context that this passage was cut and paste from a letter sent to Mr. Rosen.  Mr. Clark is already referenced as "you" in this letter and is not among five "other" department officials.

proceeding, and which was subsequently reported on extensively by the press.[3]  As there is testimony that could be provided in this proceeding that is already public, Mr. Clark is not entitled to the ruling he seeks that that all testimony should be declared to be protected and barred in advance.[4]

That said, we recognize that the concept of "waiver" applies differently in the executive privilege context than in does in other contexts.  *See, e.g., In re Sealed Case*, 121 F.3d at 741 (executive privilege waived only as to the documents disclosed not all documents).  Thus, executive privilege has been waived only to the extent that the information subject to the executive privilege claim in the January 4, 2024 letter has already been disclosed.  We do not consider whether the executive privilege might attach to information that has not been previously disclosed, if the privilege is asserted here by a party with standing to do so, and the standards for assertion of executive privilege are met.  *See, e.g.*, *In re Sealed Case,* 121 F.3d at 752-53 (discussing circumstances in which executive privilege does not apply); *Trump v. Thompson*, 20 F.4th at 26 (discussing competing considerations that can

---

[3] In a letter to Disciplinary Counsel that is attached as an exhibit to Motion in Limine, Mr. Clark's attorney argues that because the Committee went on to call other administration witnesses it did not meet the condition of former President Trump's waiver.  However, if anything, the fact that the Committee called other witnesses (whose testimony former President Trump *also* declined to stop) further undercuts the assertion of privilege – or the claim that we should ignore publicly-available information.

[4] We recognize that Mr. Clark did not testify before either Committee; however, as he has represented through counsel that he will decline to testify, and instead invoke his right under the Fifth Amendment, Mr. Blanche's instruction that Mr. Clark honor the alleged privileges seems to be of no practical effect.

overcome even a proper assertion of privilege). *See generally Nixon v. GSA*, 433 U.S. 425, 499 (1977) (executive privilege is "not for the benefit of the President as an individual, but for the benefit of the Republic.")

III.    Deliberative Process Privilege

Mr. Clark argues that "[t]he deliberative process privilege is a subset of executive privilege." Motion at 21. To the extent Mr. Clark means by this statement to use the principles of a deliberative process privilege to apply to the same arguably presidential communications discussed in his "executive privilege" argument, the waiver of the executive privilege discussed above applies equally to the deliberative process privilege. The "'voluntary disclosure of privileged material . . . to unnecessary third parties . . . waives the [deliberative process] privilege . . . for the document or information specifically released,' although such disclosure does not waive the privilege 'for related materials.'" *Elec. Frontier Found. v. United States Dept of Justice,* 890 F. Supp. 2d 35, 46 (D.D.C. 2012) (omissions and brackets in original) (quoting *In re Sealed Case*, 121 F.3d at 741).

To the extent that Mr. Clark seeks to argue that the deliberative process privilege applies beyond the range of presidential communications to communications within the Justice Department, the argument suffers from an additional problem. To assert this privilege "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *McClelland v. Andrus*, 606 F.2d

5

1278, 1290 n.59 (D.C. Cir. 1979) (quoting *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953)).

As Disciplinary Counsel notes, here, however, the Justice Department has never asserted a deliberative process privilege to prevent testimony in this matter. To the contrary, it has issued letters authorizing Mr. Rosen's and Mr. Donoghue's participation in this proceeding. *See* Disciplinary Counsel Response Exs. 1 and 2. Even if Mr. Clark had standing to assert the privilege of another, he would still not have a right to claim for his own protection a privilege the holder does not.

IV.    Law Enforcement Privilege

Mr. Clark argues that the information at issue is subject to the law enforcement privilege. Disciplinary Counsel argues that Mr. Clark has not identified any information covered by the law enforcement privilege, and that, in any event, like the deliberative process privilege, the law enforcement privilege is held by the Department of Justice, which has authorized former Department of Justice attorneys to testify here.

"The law enforcement privilege is a qualified privilege recognized at common law that is designed to protect ongoing investigations from premature disclosure, disruption, and compromise." *Kay v. Pick*, 711 A.2d 1251, 1256 (D.C. 1998). "The privilege is a conditional one that must be asserted with particularity by a high official of the law enforcement agency who is both authorized to assert the privilege on behalf of the agency and who is in a position to know that the privilege is necessary." *Id.*

As the Department of Justice has not asserted the law enforcement privilege here, and has instead permitted testimony from the witnesses at issue, there is no basis to conclude that the law enforcement privilege applies.

V.     Attorney-Client Privilege

Mr. Clark argues that communications between former President Trump (the client) and Department of Justice and White House lawyers are subject to the attorney-client privilege:

> The President convened a meeting with his senior legal advisors on January 3, 2021 to get their advice. All participants debated their legal opinions about the legal advice they gave to each other and to the President about the status, findings and significance of investigations of the election, and whether and to what extent the President's Article II authorities should be exercised under the extraordinary circumstances of the moment. They did so vigorously and candidly as their professional duty required of them and as the President expected of them.

Motion at 26-27.  Disciplinary Counsel argues that former President Trump was not the client because a government lawyer's client is the lawyer's employing agency. Opposition at 9 (citing D.C. R. Prof. Conduct 1.6(e)(2)(B) & Cmt. [37-38]).

We agree with Disciplinary Counsel.  President Trump was not the client of the Justice Department lawyers at the January 3, 2021 meeting.  Moreover, even if the conversation in the January 3, 2021 meeting could have been subject to the attorney-client privilege, that privilege was waived when former President Trump permitted those present to testify about the meeting. *Adams v. Franklin*, 924 A.2d 993, 999 (D.C. 2007) ("The privilege which attaches to a confidential

communication between attorney and client is waived when the substance of that communication is related to a nonprivileged party.") (quoting *Bundy v. United States,* 422 A.2d 765, 767 n. 4 (D.C. 1980)).

Mr. Clark argues that it is "obvious from the testimony Mr. Rosen and Mr. Donoghue, Mr. Philbin, and Mr. Klukowski gave to the Senate Judiciary Committee and the January 6 Committee" that the communications during the January 3 meeting "are within the scope of the attorney-client privilege." Motion at 26. If those conversations were within the scope of the attorney-client privilege, and President Trump held the privilege, he waived it when he permitted participants in the meeting to testify to its contents.

Upon consideration of the foregoing, and for the reasons set forth above, it is hereby

ORDERED that Mr. Clark's Motion *in Limine* is denied.

HEARING COMMITTEE NUMBER TWELVE

By: _____
Merril Hirsh
Chair

cc:

Jeffrey Clark, Esquire
c/o Charles Burnham, Esquire
Robert A. Destro, Esquire
Harry W. MacDougald, Esquire
charles@burnhamgorokhov.com
robert.destro@protonmail.com
hmacdougald@ccedlaw.com

Hamilton P. Fox, III, Esquire
Jason R. Horrell, Esquire
Office of Disciplinary Counsel
foxp@dcodc.org
horrellj@dcodc.org

9