**IN THE DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITES STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>HAMILTON P. FOX III, ET AL.<br><br>*Defendants.* | No. 1:26-CV-01658 (RJL) |

**UNOPPOSED MOTION OF 76 LEGAL ETHICS SCHOLARS AND LEGAL ETHICS EXPERTS FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS[1]**

**INTRODUCTION**

Proposed  amici, 76 Legal Ethics Scholars and Legal Ethics Experts,  respectfully request leave to file an amicus curiae brief in support of the Defendant's Consolidated Motion to Dismiss Plaintiff's Complaint. Copies of the proposed amicus brief and the proposed Order accompany this motion. This motion is "filed in a timely manner" in accordance with Local Rule 7(o)(2) because briefing on the above-mentioned motion is not yet complete and, therefore, will not delay the Court's ability to rule on the pending motion.

**DISCUSSION**

The movant's interest in this case, as required to be set forth by Local Rule 7(o)(2), is as follows: Amici Curiae Legal Ethics Scholars are scholars who study issues relating to lawyers' ethical conduct and work to improve the rules of professional conduct, the regulatory processes

---

[1]  The term "Defendants" means Hamilton P. Fox III, in his official capacity as District of Columbia Disciplinary Counsel; Theodore (Jack) Metzler, in his official capacity as District of Columbia Senior Assistant Disciplinary Counsel; the D.C. Office of Disciplinary Counsel, Robert L. Walker, in his official capacity as Chair of the Board on Professional Responsibility; the D.C. Board on Professional Responsibility; Anna Blackburne-Rigsby, in her official capacity as the Chief of the District of Columbia Court of Appeals; the D.C. Court of Appeals; and the District of Columbia.

governing lawyers, and to analyze forms of accountability for lawyers who violate their ethical responsibilities. Amici Curiae Legal Ethics Experts are lawyers who work in the field of legal ethics, teach legal ethics, and/or serve on lawyer disciplinary bodies. The Amici Curiae Legal Ethics Scholars and Legal Ethics Experts are committed to strengthening lawyer regulation and professional conduct so that lawyers can better fulfil their ethical duties, including to protect the administration of justice and sustain the rule of law. The Amici are also committed to helping make lawyer disciplinary systems fair and effective. Amici have a strong interest in this case because Plaintiff's challenge to the judiciary's authority to regulate Department of Justice ("DOJ") lawyers poses a significant threat to effective ethical regulation of lawyers and their fulfillment of their distinctive professional responsibilities.

As a result of their scholarship and expertise, the Amici Curiae can provide a unique perspective on this case that is not fully represented by any party, based on their extensive familiarity with the operation of lawyer regulation, its unique relationship with the judicial branch, and its deep historical roots in this country. The matters presented in the amicus brief are directly relevant to the disposition of the case because Amici's perspective help illuminate the practical consequences of DOJ's position and its fundamental inconsistency with the history of lawyer regulation and discipline in the United States.

The proposed amicus brief is also offered to shed further light on the framework concerning the application of D.C. Rules of Professional Conduct to attorneys who are employed by the DOJ than is found in Defendant's Consolidated Motion to Dismiss or the Office of Disciplinary Counsel's Supplemental Memorandum of Points and Authorities in Support of Defendant's Consolidated Motion to Dismiss. As described more fully in the proposed amicus brief, Congress has given the D.C. Circuit of Appeals explicit authority to establish ethics rules—and to enforce those rules—against attorneys licensed in the District; has required DOJ attornies to maintain

licensure in at least on state or the District of Columbia; and has made D.C. attorneys employed by the Department of Justice subject to applicable state ethics rules "to the same extent and in the same manner as other attorneys." 28 U.S.C. § 530B ("McDade Amendment"). This legal framework enshrines the tradition of state law oversight of attorneys that stretches to the founding of the nation. Moreover, this legal framework was developed in direct response to Plaintiff's prior attempts to exclude their attorneys from the application of state ethics laws. The proposed amicus provides a detailed history of the development of the McDade Amendment, which establishes Congress's clear intention to require DOJ officials to adhere to state (and D.C.) ethics rules, and to prevent DOJ's attempts to assert that such rules are incompatible with DOJ operations. This robust legal framework, constructed by Congress under its vast authority to oversee both the District of Columbia and Federal employees, stands in direct contradiction of the arguments Plaintiff advances in its Complaint.

The accompanying amicus brief was authored entirely by amicus curiae and their attorneys, and not in any part by counsel for any party. No party or counsel for any party contributed money to fund preparing or submitting the accompanying amicus brief. Apart from amicus curiae and their counsel, no other person contributed money to fund preparing or submitting the accompanying amicus brief.

Finally, counsel has consulted with counsel for the parties of record, as required by Local Rule 7(o)(2), each of whom has consented to the filing of an amicus brief.

## CONCLUSION

For these reasons, 76 Legal Ethics Scholars and Legal Ethics Experts respectfully request the Court grant it leave to file the attached amicus curiae brief in support of Defendants' motion to dismisa.

Date: July 17, 2026

Respectfully submitted,

 /s/ David W. Ogden
David W. Ogden (DDC Bar No. 375951)
Norman Eisen (DDC Bar No. 435051)
Christopher Swartz*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
David@democracydefenders.org


/s/ Mitt Regan
Mitt Regan* DC Bar #410985
McDevitt Professor of Jurisprudence
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, D.C. 20001
regan@georgetown.edu


Counsel for *Amici Curiae*


*Pro hac vice motions forthcoming