# Exhibit A

# District of Columbia Court of Appeals

FILED
OCT 30 2025
DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-0731**

IN RE JEFFREY B. CLARK, ESQUIRE,
Respondent.
A Member of the Bar of the District
of Columbia Court of Appeals
**Bar Registration No. 455315**

**BDN: 22-BD-039**
**DDN: 2021-D193**

BEFORE: Beckwith and Shanker, Associate Judges, and Glickman, Senior Judge.

**O R D E R**

On consideration of this court's August 7, 2025, order directing respondent to show cause why he should not be suspended pending final action on the Board on Professional Responsibility's report recommending that he be disbarred, respondent's exceptions to the Board's report and response to the show cause order, the five amicus briefs in support of respondent, Disciplinary Counsel's reply to respondent's response to the show cause order, respondent's opposed motion for leave to file his lodged surreply, and Citizens United's consent motion for leave to file its lodged amicus brief in support of respondent; it is

ORDERED that respondent's motion for leave is denied and his lodged surreply struck. It is

FURTHER ORDERED that Citizens United's motion for leave is granted and its lodged amicus brief filed. It is

FURTHER ORDERED that, within 20 days from the date of this order, respondent, Disciplinary Counsel, and the Board shall file responses, not to exceed 15 pages, providing their positions on what it means for an attorney to "have the burden of demonstrating a substantial likelihood of success with respect to the exceptions the attorney has taken to the Board's report" for the purpose of preventing an interim suspension under D.C. Bar R. XI, § 9(g)(1). It does not appear that we have ever elaborated on this standard, although we have elaborated on similar language in other contexts. *See, e.g.*, *Mitchell v. United States*, 234 A.3d 1203, 1207-09 (D.C. 2020) (concluding, in the context of release pending appeal under D.C. Code § 23-1325(c), that "a substantial question of law or fact likely to result in

**No. 25-BG-0731**

a reversal or an order for new trial" is "satisfied whenever the appellant raises a substantial question of law which, if resolved in appellant's favor, is likely to result in reversal," but noting disagreement among the federal appellate courts as to whether a "substantial question" is one that is merely "fairly debatable" or is instead "a close question . . . that very well could be decided the other way"); *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1234 (D.C. 2016) (explaining, in the context of requests for temporary stays and preliminary injunctions, that "'a likelihood of success' has been defined to mean a 'substantial likelihood' though not a 'mathematical probability,' and does not express a fixed measurement, as it is part of a multi-factor test where a stronger showing on some factors can compensate for a weaker showing on others") (citations and footnote omitted); *Garder v. United States*, 140 A.3d 1172, 1196 (D.C. 2016) (equating, in the context of prejudice for ineffective assistance of counsel, a "substantial likelihood" with a "reasonable probability").

**PER CURIAM**

Copies e-served to:

Charles Burnham, Esquire
Harry W. MacDougald, Esquire
Robert A. Destro, Esquire

Hamilton P. Fox, III, Esquire
Jason Horrell, Esquire
Theodore (Jack) Metzler, Esquire
Office of Disciplinary Counsel

James T. Phalen, Esquire
Board on Professional Responsibility

James R. Wedeking, Esquire

Richard A. Samp, Esquire

Ryan T. Giannetti, Esquire

Jaynie Lilley, Esquire

Michael R. Davis, Esquire

Lee Goodman, Esquire

cml